# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

BILLY B. ADKINS and )
CHERYL R. ADKINS, )
                         )
             Plaintiffs, )
v. )
                         ) No. 08-0286-CV-W-FJG
OPTION ONE MORTGAGE )
CORPORATION, et al., )
             Defendants. )

## ORDER

Pending before the Court are (1) Plaintiffs' Motion for a Rule 55 Judgment by Default (Doc. No. 34); (2) Motion to Dismiss Complaint as to Defendant McNearney & Associates, L.L.C. (Doc. No. 7); (3) Defendants Sutton and Circuit Court's Motion to Dismiss (Doc. No. 5); (4) Motion to Dismiss Complaint or in the Alternative Quash Service of Process as to Defendants Timothy A. McNearney, Brandon T. Pittenger and C. Spence Stover (Doc. No. 20); and (5) Defendant Sand Canyon f/k/a Option One Mortgage Corporation and Defendant Wells Fargo Bank, N.A.'s Motion to Dismiss (Doc. No. 24). These motions will be considered below.

**I.    Background**

On April 18, 2008, plaintiffs filed their complaint in this Court (Doc. No. 1, a document entitled "Writ of Replevin Complaint & Counterclaim for Fraud & Diversity Motion to Quash Foreclosure"), apparently alleging defendant Option One Mortgage Corporation, LLC (hereinafter "Option One") improperly took their home in a foreclosure sale. Plaintiffs also allege generally that Option One fraudulently misrepresented facts and information

during the formation of its mortgage contract with plaintiffs; however, it is unclear from plaintiffs' pleading what those alleged misrepresentations were.

The caption of plaintiffs' original complaint (Doc. No. 1) lists "Option One Mortgage Corporation ET, AL," as defendants, and from the allegations of the complaint it does not appear that plaintiffs made any claims against parties other than Option One. However, on August 13, 2008, plaintiffs filed with the Court numerous purported returns of service of their complaint. Among those purportedly served were: the 7th Judicial Circuit Court of the State of Missouri (Doc. No. 10); Brandon T. Pittenger (Doc. No. 11); Wells Fargo Bank, N.A. (Doc. No. 12); C. Spence Stover (Doc. No. 13); Option One Mortgage Corporation (Doc. No. 14); Timothy A. McNearney (Doc. No. 15); Janet Sutton (Doc. No. 16); and McNearney and Associates (Doc. No. 16).

On August 13, 2008, defendants the Honorable Janet Sutton ("Sutton") and the Seventh Judicial Circuit Court of the State of Missouri ("Circuit Court") filed their motion to dismiss (Doc. No. 5). In it, Sutton and Circuit Court argue that (1) this Court lacks subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) in that plaintiffs have failed to demonstrate diversity jurisdiction; and (2) plaintiffs have failed to state a claim upon which relief can be granted, in that plaintiffs' claims are barred due to (a) collateral estoppel, (b) res judicata, (c) Eleventh Amendment immunity, (d) absolute immunity, and (e) plaintiffs' failure to sufficiently plead any facts alleging harm by defendants Sutton and Circuit Court. Notably, Judge Sutton was the judge who heard Wells Fargo Bank, N.A.'s unlawful detainer action against Billy and Cheryl Adkins in Clay County Circuit Court.[1]

---

[1]See Case No. 08CY-CV04043, Wells Fargo Bank N.A. v. Billy B. Adkins et al., located on Missouri Casenet, www.courts.mo.gov/casenet/cases/dockets.do. The

On August 14, 2008, defendant McNearney & Associates, L.L.C. ("McNearney & Assoc.") filed its motion to dismiss (Doc. No. 7). In that motion, McNearney & Assoc. argues that (1) complete diversity is lacking, and therefore the complaint should be dismissed for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1); and (2) the complaint fails to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6) in that plaintiffs fail to assert facts establishing jurisdiction and a plausible entitlement to relief. Defendant McNearney & Assoc. is the law firm for the successor trustee who conducted the foreclosure sale of plaintiffs' former home.

On August 21, 2008, defendants Timothy A. McNearney, Brandon T. Pittenger and C. Spence Stover filed their motion to dismiss plaintiffs' complaint or quash service of process (Doc. No. 20). In their motion, defendants McNearney, Pittenger and Stover argue that plaintiffs attempted service by mailing summons and the complaint via certified mail to the office of McNearney & Assoc., instead of effectuating service properly. Defendants argue that the Court should dismiss plaintiffs' complaint pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(5). McNearney, Pittenger and Stover appear to be attorneys at McNearney & Assoc.

On September 9, 2008, defendants Sand Canyon f/k/a Option One Mortgage Corporation ("Option One") and Wells Fargo Bank, N.A. ("Wells Fargo") filed their motion to dismiss (Doc. No. 24). In it, defendants Option One and Wells Fargo argue (1) plaintiffs

---

unlawful detainer action was filed on April 21, 2008. On July 3, 2008, Wells Fargo Bank N.A.'s motion for summary judgment was heard and granted by Judge Sutton. Billy and Cheryl Adkins filed an application for trial de novo on July 11, 2008. On October 29, 2008, the Honorable Donald T. Norris held the trial de novo. On that same date, Judge Norris entered judgment for Wells Fargo Bank N.A.

3

have failed to set forth in their complaint grounds upon which this Court has subject matter jurisdiction over plaintiffs' claims, and the complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1); (2) as plaintiffs have failed to set forth facts alleging citizenship of defendants, plaintiffs' complaint also does not set forth sufficient facts to establish that Defendants are subject to personal jurisdiction, and the complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(2); (3) plaintiffs' complaint should be dismissed for insufficiency of process pursuant to Fed. R. Civ. P. 12(b)(4); (4) as plaintiffs' complaint was not properly served on defendants, plaintiffs failed to make timely service and the complaint must be dismissed pursuant to Fed. R. Civ. P. 4(m) and Fed. R. Civ. P. 12(b)(5); and (5) plaintiffs' complaint fails to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6), in that (a) plaintiffs' complaint fails to set forth facts showing an entitlement to relief; (b) plaintiffs' claims are barred by the doctrine of res judicata; and (c) plaintiffs' claims are barred by the Rooker-Feldman doctrine.

On October 3, 2008, this Court granted plaintiffs an extension of time to file responses to the various pending motions to dismiss; those responses were due on October 31, 2008. On October 30, 2008, plaintiffs filed their "Ammended [sic] Petition and Claim in the Nature of a Claim for Injuries Caused by Breach of Duty and Fraud, Failure of Consideration, Diversity 28 USC 1332 & Violation of the United States Constitution, H.J.R. 192, 73 RD Congress, Sess. I, Ch. 48, and Fraud I.N. the Fractum, Etc." (Doc. No. 31)(hereinafter "Ammended Petition").[2] This document was apparently filed in response to the issues raised by the various motions to dismiss. Although the document is entitled

---

[2]Notably, plaintiffs did not file a motion for leave to amend their complaint.

4

"Ammended Petition," the contents include not only what appear to be new purported causes of action (see pages 2 through 6), but also responses to issues raised by the motions to dismiss (see pages 7-9, regarding Eleventh Amendment Immunity), and brief citations to the Supremacy Clause of the United States Constitution and the Equal Protection Clause of the United States Constitution (pages 9-10). The document also contains a "Conditional Declaration and motion for Summary Judgment," which purports to request the defendants answer a lengthy list of questions (perhaps in the style of interrogatories, see Fed. R. Civ. P. 33, or requests for admissions, see Fed. R. Civ. P. 36). Plaintiffs appear to suggest that if defendants did not respond to these questions within 20 days, plaintiffs would seek a judgment in their favor. No defendant responded to these questions.

On November 20, 2008, plaintiffs filed their Motion for a Rule 55 Judgment by Default (Doc. No. 34), arguing that the defendants have failed to plead or otherwise defend this lawsuit.

**II.     Analysis**

    **A.     Motion for Default Judgment (Doc. No. 34)**

Plaintiffs have moved for default judgment. However, plaintiffs' motion for default judgment is not well-taken, given that all of the defendants in this action timely filed motions to dismiss that were still pending at the time of the filing of the motion for default judgment. Furthermore, defendants are under no obligation to answer the questions detailed in plaintiffs' purported motion for summary judgment contained in Doc. No. 31; to the extent that those questions were in the nature of discovery requests (Fed. R. Civ. P. 33 and/or 36), those requests are premature as no Scheduling and Trial Order is yet in place.

5

Additionally, plaintiffs should note that failure to answer those questions does not mean that the Court can grant summary judgment, as the party moving for summary judgment has the obligation to set forth facts that are not in dispute, which plaintiffs have not done. See Fed. R. Civ. P. 56. Plaintiffs' motion for default judgment (Doc. No. 34) will be **DENIED.**[3]

### B. Defendant McNearney & Associates, L.L.C.'s Motion to Dismiss Complaint (Doc. No. 7)

McNearney & Assoc. argues that (1) complete diversity is lacking, and therefore the complaint should be dismissed for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1); and (2) the complaint fails to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6) in that plaintiffs fail to assert facts establishing jurisdiction and a plausible entitlement to relief.

#### 1. Motion to Dismiss for Lack of Subject Matter Jurisdiction

Defendant argues that plaintiffs failed to properly allege the basis for this Court's jurisdiction over this action.[4] In a "facial challenge to jurisdiction, all of the factual allegations concerning jurisdiction are presumed to be true and the motion is successful if the plaintiff fails to allege an element necessary for subject matter jurisdiction." Titus v.

---

[3] In their responses to the motion for default judgment, defendants Option One and Wells Fargo ask the Court to consider setting a hearing to show cause why plaintiffs should not be held in contempt for violation of Rule 11 for the filing of the motion for default judgment. The Court declines defendants' invitation.

[4] Rule 12(b)(1) challenges to subject matter jurisdiction may be facial challenges, factual challenges, or both. The Court construes defendant's motion as a facial challenge, as defendant has not attached jurisdiction-related evidence to its motion or suggestions in support. In a factual challenge, "the court may receive competent evidence such as affidavits, deposition testimony, and the like in order to determine the factual dispute." Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993) (citing Land v. Dollar, 330 U.S. 731, 735 n. 4 (1947)).

6

<u>Sullivan</u>, 4 F.3d 590, 593 (8th Cir. 1993). In both their complaint (Doc. No. 1) and their "Ammended Petition" (Doc. No. 31), plaintiffs claim that this Court has jurisdiction to hear this case under 28 U.S.C. § 1332 (the statute describing diversity jurisdiction) because the amount in controversy exceeds $75,000.00.

As noted by defendant, 28 U.S.C. § 1332 requires complete diversity of citizenship; in other words, each defendant must be a citizen of a different state from each plaintiff. <u>See</u> <u>Owen Equip. & Erection Co. v. Kroger</u>, 98 S.Ct. 2396, 2402 (1978). Defendant McNearney notes that both of the plaintiffs are citizens of Missouri. However, defendant 7th Judicial Circuit Court of the State of Missouri and defendant Janet Sutton are both citizens of Missouri. Defendant argues that complete diversity of citizenship, therefore, is lacking, and the complaint should be dismissed for lack of subject-matter jurisdiction.

In their response (Doc. No. 31), plaintiffs appear to only address the citizenship of defendants Wells Fargo Bank, N.A. and Sand Canyon F/K/A Option One Mortgage Corp, arguing that these businesses have their principal place of business in California; plaintiffs do not indicate the state of incorporation for these defendants. Plaintiffs also do not address the citizenship of the remaining defendants.

The Court agrees with defendant McNearney & Assoc. that plaintiffs have failed to demonstrate that this Court has diversity jurisdiction over this action. Accordingly, defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) will be **GRANTED.**

    2.    Motion to Dismiss for Failure to State a Claim upon which Relief May be Granted

Defendant McNearney & Assoc. also moves to dismiss the claims against it for failure to state a claim upon which relief can be granted, under Federal Rule of Civil

7

Procedure 12(b)(6). The Supreme Court has recently considered the standard to apply in evaluating motions to dismiss for failure to state a claim upon which relief can be granted. In Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007), the Supreme Court rejected the "no set of facts" language from Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The Court stated:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . . .

Id. at 1964-65 (internal citations and quotations omitted). The Court went on to note that, "of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." Id. at 1965 (internal citations and quotations omitted). The Court emphasized that "we do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." Id. at 1974.

Defendant McNearney & Assoc. argues that plaintiffs' complaint (Doc. No. 1) does not provide fair notice of what their claim is or the grounds upon which it rests. As noted by the Court in the Background section, above at pp. 1-2, plaintiffs do not make any direct claims against defendant McNearney & Assoc., and have not set forth any factual allegations that raise the right to relief against defendant McNearney & Assoc. above the speculative level. The "Ammended Petition" (Doc. No. 31) does not cure these deficiencies. Accordingly, the Court finds that defendant McNearney & Assoc.'s motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) should be **GRANTED** as well.

8

**C. Defendants Sutton and Circuit Court's Motion to Dismiss (Doc. No. 5)**

Defendants Sutton and Circuit Court move to dismiss plaintiffs' complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

1. Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)

Defendants Sutton and Circuit Court move to dismiss the claims against them pursuant to Fed. R. Civ. P. 12(b)(6), arguing that plaintiffs' claims are barred due to (a) collateral estoppel, (b) res judicata, (c) Eleventh Amendment immunity, (d) absolute immunity, and (e) plaintiffs' failure to sufficiently plead any facts alleging harm by defendants Sutton and Circuit Court. The Court finds the last three of these reasons to be dispositive.[5] State courts, such as the Seventh Judicial Circuit Court, are protected by Eleventh Amendment immunity, notwithstanding plaintiffs' arguments to the contrary. See Harris v. Missouri Court of Appeals, Western Dist., 787 F.2d 427, 429 (8th Cir. 1986). Additionally, judges are "entitled to absolute immunity for all judicial actions that are not 'taken in a complete absence of all jurisdiction.'" See Penn v. United States, 335 F.3d 786, 789 (8th Cir. 2003). Given that the only connection between plaintiffs and defendant Sutton that this Court can glean from plaintiffs' pleadings is that Judge Sutton presided over the unlawful detainer action against plaintiffs in state court, it appears that she is entitled to absolute judicial immunity. Finally, it should be noted that plaintiffs' complaint (Doc. No. 1) does not raise any specific allegations or causes of action against defendants Sutton and

---

[5]The Court further notes that, to the extent plaintiffs are raising claims that were (or ought to have been) raised in the state court action, those claims are likely barred by the doctrines of res judicata and/or collateral estoppel. However, given the defendants' failure to file any of the state court records as exhibits to their motion, the Court will decline to rule on the issues of collateral estoppel or res judicata.

9

Circuit Court. In fact, as noted by defendants, there are no specific references to either of these defendants in the complaint at all. Plaintiffs do not correct this deficiency in their "Ammended Petition" (Doc. No. 31). Given this lack of detail, and plaintiffs' failure to respond to the motion to dismiss in such a way that the Court can determine what cause of action has been pled against defendants Sutton and Circuit Court, defendants' motion to dismiss (Doc. No. 5) must be **GRANTED**, and plaintiffs' complaint as to those defendants must be **DISMISSED** pursuant to Fed. R. Civ. P. 12(b)(6).

        2.      Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1)

For the reasons stated in its analysis of defendant McNearney & Associates, L.L.C.'s Motion to Dismiss (above), the Court finds that plaintiffs' complaint should be **DISMISSED** pursuant to Fed. R. Civ. P. 12(b)(1). Thus, defendants' Sutton and Circuit Court's motion to dismiss (Doc. No. 5) will be **GRANTED** on this basis as well.

    **D.**    **Defendants McNearney, Pittenger, and Stover's Motion to Dismiss Complaint or in the Alternative Quash Service of Process (Doc. No. 20)**

Federal Rule of Civil Procedure 12(b)(4) provides for dismissal for insufficient process; Rule 12(b)(5) provides for dismissal in the event of insufficient service of process. "The burden lies with the plaintiff to demonstrate sufficient process and service; when process or service is challenged, the plaintiff must make a prima facie showing the court's personal jurisdiction is properly exercised." Baicker-McKee, et al., Federal Civil Rules Handbook 375 (West Group 2008) (citing numerous court holdings); see Northrup King Co. v. Compania Productora Semillas Algodoneras Selectas, S.A., 51 F.3d 1383, 1387 (8th Cir. 1995) (discussing burden of plaintiff to establish a prima facie case for sufficiency and service of process).

In the present matter, plaintiffs attempted to serve defendants Timothy A. McNearney, Brandon T. Pittenger and C. Spence Stover by sending certified mail to the business office of McNearney & Associates, LLC. A part-time summer employee of McNearney & Associates, LLC, Riley Brewer, signed the certified mail receipts. See Doc. No. 21, Ex. 1. Mr. Brewer indicates that he was not, and has never been, authorized by defendants McNearney, Pittenger and Stover to accept personal service on behalf of any of them. Id. Plaintiffs did not request a waiver of service pursuant to Fed. R. Civ. P. 4(d).

Defendants indicate, and this Court agrees, that plaintiffs' attempted service does not comply with the process dictated by Fed. R. Civ. P. 4(e), Missouri Rules of Civil Procedure 54.12(b) and 54.16, or Kansas Statutes Annotated §§ 60-303 and 60-304. Plaintiffs, in their various filings made subsequent to the filing of defendants' McNearney, Pittenger, and Stover's motion to dismiss for insufficient service of process, have not made any attempt to address or resolve the issues raised in said motion. In particular, plaintiffs have not requested an extension of time in which to accomplish proper service. Accordingly, defendants McNearney, Pittenger, and Stover's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(5) (Doc. No. 20) will be **GRANTED**. Defendants' alternative motion to quash will be **DENIED AS MOOT.**

### E. Defendant Sand Canyon f/k/a Option One Mortage Corporation and Defendant Wells Fargo Bank, N.A.'s Motion to Dismiss (Doc. No. 24)

Defendants Sand Canyon f/k/a Option One Mortgage Corporation ("Option One") and Wells Fargo Bank, N.A. ("Wells Fargo") move to dismiss pursuant to Rules 8(a),

11

12(b)(1), 12(b)(2), 12(b)(4), 12(b)(5), and 12(b)(6) of the Federal Rules of Civil Procedure.[6]

       1.     Motion to Dismiss Pursuant to Rules 12(b)(4) and 12(b)(5)

Initially, the Court considers defendants Option One and Wells Fargo's motions to dismiss for insufficiency of process and insufficiency of service of process. As noted above, Federal Rule of Civil Procedure 12(b)(4) provides for dismissal for insufficient process; Rule 12(b)(5) provides for dismissal in the event of insufficient service of process. "The burden lies with the plaintiff to demonstrate sufficient process and service; when process or service is challenged, the plaintiff must make a prima facie showing the court's personal jurisdiction is properly exercised." Baicker-McKee, et al., Federal Civil Rules Handbook 375 (West Group 2008) (citing numerous court holdings); see Northrup King Co. v. Compania Productora Semillas Algodoneras Selectas, S.A., 51 F.3d 1383, 1387 (8th Cir. 1995) (discussing burden of plaintiff to establish a prima facie case for sufficiency and service of process).

In the present case, both the Option One summons and the Wells Fargo summons were directed to and issued to "McNearney & Associates, LLC, 6800 College Blvd. Ste. #400, Overland Park, Kansas 66211." See Doc. No. 27, Exs. A and B. Attached to Option One and Wells Fargo's suggestions in support of their motion to dismiss is the affidavit of Brandon T. Pittenger, an attorney and member of McNearney & Associates, LLC, stating:

> McNearney & Associates, LLC does handle certain foreclosure and bankruptcy referrals for identified loans and matters of defendant, Option One Mortgage Corporation, and defendant, Wells Fargo Bank, N.A., however, McNearney & Associates, LLC is not authorized to accept service

---

[6]The Court will defer ruling on the merits of defendants' motion to dismiss pursuant to Rule 12(b)(2) at this time, given that the Court has considered numerous other meritorious bases for dismissal, below.

12

of process on behalf of either defendant, Option One Mortgage Corporation, or defendant, Wells Fargo Bank, N.A. in this action, as our law firm does not generally represent said organizations.

Doc. No. 27, Ex. C.

This Court finds that plaintiffs' attempted service does not comply with the process dictated by Fed. R. Civ. P. 4(a)(1)(b) and 4(h). Plaintiffs, in their various filings made subsequent to the filing of defendants' Option One and Wells Fargo's motion to dismiss for insufficient service of process, have not made any attempt to address or resolve the issues raised in said motion. In particular, plaintiffs have not requested an extension of time in which to accomplish proper service. Accordingly, defendants Option One and Wells Fargo's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(4) and 12(b)(5) (Doc. No. 24) will be **GRANTED**.

2. Motion to Dismiss Pursuant to Rule 12(b)(6)

In the present matter, defendants argue (1) plaintiffs have not alleged facts which arise above a speculative level; (2) plaintiffs' claims are barred by the doctrine of res judicata; and (3) plaintiffs' claims are barred by the Rooker-Feldman doctrine. As defendants Wells Fargo and Option One have not attached copies of the relevant state court motions and orders to their motion to dismiss, the Court finds itself unable to reach the merits as to whether plaintiffs' claims are barred by res judicata or the Rooker-Feldman doctrine. However, the Court is able to examine the allegations contained in plaintiffs' complaint (Doc. No. 1) and plaintiffs' "Ammended Petition" (Doc. No. 31).

A review of plaintiffs' complaint (Doc. No. 1) demonstrates that plaintiffs have made no allegations as to defendant Wells Fargo. Accordingly, even granting a liberal reading

13

to plaintiffs' complaint, plaintiffs have failed to state a claim or cause of action against defendant Wells Fargo. Further, the Court agrees with defendant Option One that the claims made against it[7] amount to legal conclusions, without facts supporting the allegations. Additionally, defendant Option One correctly notes that allegations of fraud must be set forth with particularity pursuant to Fed. R. Civ. P. 9(b); plaintiffs' lists of purported definitions of fraudulent conduct do not satisfy this standard. Plaintiffs' "Ammended Petition" (Doc. No. 31) does not cure the deficiencies noted in plaintiffs' original complaint; instead, plaintiffs admit therein that they were in arrears $6,480 in payments on their mortgage (see Doc. No. 31, p. 2), but do not present factual allegations that raise plaintiffs' right to relief above the speculative level. Accordingly, defendants Option One and Wells Fargo's motion to dismiss plaintiffs' complaint pursuant to Fed. R. Civ. P. 12(b)(6) should be **GRANTED.**

   3. Motion to Dismiss Pursuant to Rule 12(b)(1)

The Court further finds that, for the same reasons as addressed in its Order (above) on defendant McNearney & Associates, L.L.C.'s Motion to Dismiss (Doc. No. 7), defendants Option One and Wells Fargo's Motion to Dismiss pursuant to Rule 12(b)(1) should be **GRANTED.**

---

[7]For instance, plaintiffs allege: "Debtor unknowingly entered into this unconscionable contract with Option One Mortgage Company," that "defendant is illegally and improperly perverting the legal system against debtor," and the "Option One Mortgage Corporation, is therefore assisting in making loans of credit with the intent of creating as money and laundering bank credit that is received directly or indirectly." Doc. No. 1, ¶¶ 3, 6, and 7. Plaintiffs do not explain how the contract is unconscionable, nor do they attach a copy of the contract to their complaint. Additionally, there are no factual allegations supporting the claims of "perverting the legal system" or laundering of bank credit.

### III. Conclusion

Therefore, for the foregoing reasons:

(1) Plaintiffs' Motion for a Rule 55 Judgment by Default (Doc. No. 34) is **DENIED**;

(2) Motion to Dismiss Complaint as to Defendant McNearney & Associates, L.L.C. (Doc. No. 7) is **GRANTED**;

(3) Defendants Sutton and Circuit Court's Motion to Dismiss (Doc. No. 5) is **GRANTED**;

(4) Motion to Dismiss Complaint or in the Alternative Quash Service of Process as to Defendants Timothy A. McNearney, Brandon T. Pittenger and C. Spence Stover (Doc. No. 20) is **GRANTED** in part as it relates to dismissal of this matter, and **DENIED AS MOOT** in part as it relates to the motion to quash service of process; and

(5) Defendant Sand Canyon f/k/a Option One Mortgage Corporation and Defendant Wells Fargo Bank, N.A.'s Motion to Dismiss (Doc. No. 24) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall mail this Order to Billy B. Adkins and Cheryl R. Adkins, 8732 N. Chestnut Avenue, #203, Kansas City, MO 64156, both by first class mail and certified mail, return receipt requested.

**IT IS SO ORDERED.**

Date: 01/05/09  
Kansas City, Missouri

**S/ FERNANDO J. GAITAN, JR.**  
Fernando J. Gaitan, Jr.  
Chief United States District Judge